# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **RENE FLORES VALLE, et al.,** § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. **3:19-CV-2254-L** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,** § § § | |
| Defendants. § § | |

## MEMORANDUM ORDER AND OPINION

Before the court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (Doc. 6), filed September 26, 2019. On October 8, 2019, United Stated Magistrate Judge David L. Horan entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13), recommending that the court dismiss this action without prejudice for lack of subject matter jurisdiction. For the reasons that follow, the court **determines** that the findings and conclusions of the Magistrate Judge are correct, **accepts** them as those of the court, and **dismisses without prejudice** this action.

## I.     Background

Plaintiffs challenge and seek judicial review of the policy of the Department of Homeland Security Policy (the "DHS Policy") that "it [will] no longer produce detained immigrants to immigration court to attend their removal proceedings in person[.] Instead, removal proceedings for detained immigrants would be conducted exclusively over [video teleconference ("VTC")]." The Magistrate Judge determined that the court does not have jurisdiction over this action because Plaintiffs seek judicial review of "part of the process by which removability is determined," and

pursuant to 8 U.S.C. § 1252(b)(9), such judicial review is beyond the jurisdiction of this court. The Magistrate Judge further determined that Plaintiffs' challenge to the exclusive use of VTC in removal proceedings remains available under § 1252(b)(9)'s channeling rule.

On October 22, 2019, Plaintiffs filed their Objections to Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Objections") (Doc. 14). In their Objections, Plaintiffs' main contention is that the Magistrate Judge "mischaracterized the agency action as an 'action' that 'arises from' their removal proceedings" where their challenge to the DHS Policy is actually "independent of, and collateral to" their removal proceedings. Pls.' Obj. 2. Additionally, Plaintiffs assert that their challenge is beyond the scope of claims barred under § 1252(b)(9), and "due to their inability to raise their claim efficaciously within the administrative proceedings, their claim is exempt from the exhaustion requirement under § 1252(d)(1)." *Id.* Thus, according to Plaintiffs, this court is the appropriate forum to challenge the DHS Policy. Plaintiffs further assert that the Magistrate Judge failed to consider other bases upon which this court may have jurisdiction, which include jurisdiction conferred under 28 U.S.C. §§ 1331, 1361, 1651(a), 2201(a), 2241(c), and 5 U.S.C. § 702. These objections also stem from the Magistrate Judge's alleged mischaracterization of this action as one arising from removal proceedings.

On November 5, 2019, Defendants filed their response to Plaintiffs' Objections and asserted that the Magistrate Judge's Report was correct in the determination that this action arises from removal proceedings, and, thus, the court lacks jurisdiction to entertain this action. Specifically, they assert that Congress has established a judicial review framework for removal proceedings under 8 U.S.C. § 1252(a)(5) & (b)(9), which permits Plaintiffs to challenge the use of VTC by filing a petition for review in the appropriate court of appeals once the Board of Immigration Appeals ("BIA") issues a final order. They further assert that the Fifth Circuit has

considered the use of VTC in removal proceedings "in the context of petitions for review of decisions of the [BIA]." *Id.* Thus, according to Defendants, the court should accept the Magistrate Judge's recommendation to dismiss this action because Plaintiffs have failed to establish that the court has jurisdiction over their claims.

## II. Discussion

### A. Whether This Action "Arises From" a Removal Proceeding

Plaintiffs first objection is that the Magistrate Judge mischaracterized this agency action as one "arising from" removal proceedings as used in 8 U.S.C. § 1252(b)(9). Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

Plaintiffs assert that "their suit challenges a DHS [P]olicy and practice that is in no way related to their removability determination and only remotely connected to their removal proceedings, in accordance with the plain language of [§ 1252(b)(9)]." Pls.' Obj. 3. They further contend that this provision does not "sweep within its scope claims with only a remote or attenuated connection to the removal of an alien," thus excluding Plaintiffs' action from its limitations. *Id.* (quoting *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018)) (internal quotation marks omitted).

In support of this proposition, Plaintiffs suggest that what constitutes a removal proceeding stems from the language in 8 U.S.C. § 1229a. Specifically, they allege that this "statutory text

does not establish that the agency action challenged here 'arises from' removal proceedings," and states:

> The relevant sections under § 1229a provide that, "[a]n *immigration judge* shall conduct proceedings for deciding the inadmissibility or deportability of an alien," and that "a proceeding under [§ 1229a] *shall* be the *sole and exclusive procedure* for determining whether an alien [is admissible or removeable] from the United States." *Id.* at § 1229a(a)(1)-(3) (emphasis added). Notably, the statute states that, "[n]othing in this section shall affect proceedings conducted pursuant to [8 U.S.C. § 1228 – the procedure for expedited removal proceedings]." *Id.* at § 1229a(a)(3). Furthermore in regards to the "conduct of proceeding," the statute vests exclusive authority with the *immigration judge* to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses," "issue subpoenas for the attendance of witnesses and presentation of evidence," and "sanction by civil money penalty any action (or inaction) in contempt of the judge's proper exercise of authority under this chapter." *Id.* at § 1229a(b)(1).

Pls.' Obj. 4. Accordingly, Plaintiffs assert that the Magistrate Judge's characterization that their challenge to the DHS Policy arises from removal proceedings ignores the fact that Plaintiffs' challenge to the Policy is premised on the notion that it strips the immigration judges of their authority to conduct removal proceedings. The court finds this argument unpersuasive.

The substantive arguments Plaintiffs assert in their Class Action Complaint ("Complaint") (Doc. 1) and Motion for Temporary Restraining Order ("Motion") (Doc. 6) focus on the infringement of their due process rights; the argument that the DHS Policy on VTC-only removal proceedings infringes on the authority of immigration judges to conduct removal proceedings was only mentioned in passing. In their Objections, however, Plaintiffs place a great amount of emphasis on this subversion of authority argument but fail to establish sufficiently why the DHS Policy has such an effect. Moreover, they fail to acknowledge that § 1229a(b)(2) provides that removal proceedings may take place through video conference, and, despite Plaintiffs' assertions, nothing in the statute establishes that "only the immigration judge can decide how, whether by video, or in person, the detained immigrant will appear for removal." Pls.' Obj. 5. Plaintiffs cite no case authority or applicable law supporting this proposition and, instead, rely on mere

speculation and conjecture. Thus, the court concludes that DHS's refusal to produce detainees in person does not usurp the immigration judges' ability to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses." 8 U.S.C. § 1229a(b)(1).

To further support its argument that the Magistrate Judge mischaracterized the nature of this action, Plaintiffs contend that the use of "arising from removal proceedings" in § 1252(b)(9) is "a shorthand way to refer to [Congress's] later proviso that no court shall have jurisdiction to review any cause or claim 'arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under' [8 U.S.C. § 1252(g).]" Pls.' Obj. 6 (internal quotation marks omitted). Thus, Plaintiffs assert that for the Magistrate Judge to read the phrase "arising from" in § 1252(b)(9) differently than how it is interpreted in § 1252(g) would render the limitations outlined in § 1252(g) "superfluous."

The court agrees that the application of the term "arising from" in both § 1252(b)(9) and and § 1252(g) should be similarly applied. Plaintiffs interpretation, however, asks the court to read words into the statute that do not exist. They contend that the two provisions are linked, and, as a result, "the phrase 'arising from' removal proceedings in § 1252(b)(9) means a cause or claim arising from the decision of the Attorney General to "commence proceedings, adjudicate cases, or execute removal order." Pls.' Obj. 6. Such interpretation is illogical. While the court is to consider the entire act in interpreting specific provisions, it is not required to insert legislative intent where none exists, or to insert words that are not present. Plaintiffs provide no basis for why the court should do so. More importantly, the Supreme Court has already provided direction in interpreting the "arising from" phrase in § 1252(b)(9).

In *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), the Court declined to render a comprehensive interpretation of § 1252(b)(9), as it had previously done for § 1252(g). Instead, it

determined that a plaintiff's lawsuit was not barred by § 1252(b)(9) because it did not (1) ask for review of an order of removal; (2) challenge a decision to detain them in the first place or to seek removal; or (3) challenge any part of the process by which their removability will be determined. *Jennings*, 138 S. Ct. at 841. The Court's rationale was based on its prior interpretation of "arising from" in § 1252(g), in which it decided that the provision did not "sweep in any claim that can technically be said to 'arise from'" the distinct categories in the provision but instead limited the scope of the statute to the three specified categories. *Id.* Thus, this court agrees with Plaintiffs' assertion that the phrase "arising from" in both (b)(9) and (g) apply similarly, but the court will not accept Plaintiffs' suggestion that it should essentially rewrite the statute. Instead, the court follows the analysis in *Jennings* and that provided by the Magistrate Judge.

Contrary to Plaintiffs' assertions, the Magistrate Judge did not misinterpret the phrase "arising from" differently in §§ 1252(b)(9) and (g). Instead, the court determines that he properly applied the teachings in *Jennings* by reasonably interpreting "arising from" in § 1252(b)(9) to include an action taken or proceeding in which a plaintiff (1) seeks review of an order of removal; (2) challenges a decision to detain or remove the plaintiff; or (3) challenges any part of the process by which the plaintiff's removability will be determined. The court arrives at the same conclusion expressed by the Magistrate Judge.

The Magistrate Judge also relied on *P.L. v. I.C.E.*, No. 1:19-CV-1336, 2019 WL 2568648 (S.D.N.Y June 21, 2019), for guidance in his decision, but Plaintiffs contend that such reliance is misguided. While *P.L. v. I.C.E.* is an unpublished, out-of-district case, the court finds its analysis and decision helpful. In *P.L. v. I.C.E.*, the court determined that a challenge to DHS's VTC policy "arises from" removal proceedings because a challenge to the use of VTC in proceedings was a challenge to "[h]ow immigrants appear for removal proceedings, [which] constitutes part of the

process of these proceedings." 2019 WL 2568648, at *3. Plaintiff asserts that *P.L. v. I.C.E.* was decided on a "mistaken premise that DHS's implementation of the VTC-only policy arises from removal proceedings, when in fact, it arises from an unlawful circumvention of an existing regulation, 8 C.F.R. § 100.25(c), and only relates to removal proceedings." Pls.' Obj. 7. The court disagrees.

The claims asserted in *P.L. v. I.C.E.* are almost identical to those asserted by Plaintiffs. Specifically, in *P.L. v. I.C.E.*, the plaintiffs alleged that their "rights to due process, to access the courts, to counsel, and to evidentiary and cross-examination privileges [were] being violated" because of I.C.E's reliance on VTC and refusal to produce detained immigrants in person. 2019 WL 2568648, at *3. In the present action, Plaintiffs asserted in both their Complaint and Motion that they bring this challenge for the following reasons:

> to enforce the government's obligations to provide detained immigrants with constitutional and statutory fair-hearing protections, to ensure full access to the immigration courts, to preserve the rights of clients to associate with their attorneys, to enable the detained immigrants to inspect evidence, and to allow the detained immigrants to meaning participate in hearing[s].

Pls.' Compl. ¶¶ 5, 33- 70; *see also* Pls.' Mot. for TRO 4-5, 7-11 (discussing Plaintiffs' rights to a "fundamentally fair hearing" and how VTC impedes that right). These assertions, as Defendants highlight in their Response to Plaintiffs' Objections, are at the essence of a challenge to a part of the removal proceedings. No matter how Plaintiffs frame their arguments, a challenge to the use of VTC in removal proceedings is a challenge to a part of the process, as immigration judges use VTC to conduct such proceedings and, ultimately, make a determination on removability.

Moreover, Plaintiffs acknowledge that they "challenge DHS's VTC-only policy only insofar as it prevents immigration judges from compelling the appearance of detained immigrants at final merits hearing where the judge deems their presence necessary." Pls.' Obj. 7. Plaintiffs'

acknowledgement in and of itself demonstrates that their challenge to the DHS Policy *does* arise from a part of the removal process—a final merits hearing—upon which removability is determined. Even though Plaintiffs assert that their challenge only "relates to," rather than "arises from" their removal proceedings, the law, case authority, and facts of this case do not support this assertion. Thus, the court is unpersuaded by Plaintiffs' attempt to misapprehend the law to fit their desired outcome.

Given the similarities of Plaintiffs' arguments to those in *P.L. v. I.C.E.*, and the instruction in *Jennings* regarding interpretation of § 1252(b)(9), the court determines that this action arises from removal proceedings. Accordingly, the court **overrules** Plaintiff's objection that the Magistrate Judge mischaracterized the action as one "arising from" removal proceedings.

### B. Whether the District Court Is the Only Forum for This Action

Plaintiffs' second objection to the Report is couched in their reliance on *Duron v. Johnson*, which stands for the proposition that "§ 1252(b)(9) does not foreclose judicial review of claims that cannot be raised efficaciously within the administrative proceedings already available." 898 F.3d at 647 (quoting *Aguilar v. I.C.E.*, 510 F.3d 1, 11 (1st Cir. 2007)) (internal quotations omitted). Specifically, Plaintiffs contend that the BIA generally disfavors consideration of interlocutory appeals, even in cases involving interlocutory issues that are proper for administrative review. Thus, Plaintiffs assert that their challenge to the DHS Policy "cannot be raised efficaciously within the administrative proceedings because it would be futile to bring this challenge to the BIA considering the very limited circumstances that interlocutory appeals are granted," and that the "Constitution requires the opportunity for at least some judicial review" to ensure the government acts within its authority. Pls.' Obj. 11-12.

The court agrees that judicial review is warranted in many cases addressing constitutional issues. This action, however, does not fall into that purview, as Congress has implemented a specific statutory scheme to address causes or claims arising from the removal process. As the court has determined that Plaintiffs' challenge to the DHS Policy is a challenge to part of the removal process, the limitations of § 1252(b)(9) apply. Nothing in this order deprives Plaintiffs of the right to challenge the VTC-policy through a petition of review filed in the appropriate court, as permitted under § 1252(a)(5), once the BIA has issued a final order of removal. Notably, and as Defendants point out, the Fifth Circuit has addressed similar challenges through this mechanism. *See, e.g.*, *Jinquin Liu v. Holder*, 566 F. App'x 333, 334 (5th Cir. 2014). Plaintiffs' unwillingness to follow the statutory scheme and designated administrative process is an insufficient basis to circumvent the system in place.

Alternatively, Plaintiffs contend that "assuming *arguendo* that § 1252" applies in this action, any attempt to exhaust administrative remedies pursuant to § 1252(d)(1) would be futile because neither the immigration court nor the BIA can address or provide an adequate remedy to the constitutional challenge that they assert. The court need not address this argument, however, because § 1252(d) outlines when a court may review a final order of removal. At the time of this order, the court is not aware of any final order of removal issued against any Plaintiff. Further, Plaintiffs have failed to demonstrate why they cannot adhere to the statutory scheme of § 1252 in challenging the DHS Policy. The court, therefore, determines that Plaintiffs' argument is misplaced, and, accordingly, **overrules** this objection for the reasons herein stated.

C. **Whether Other Bases for Federal Jurisdiction Exist**

Plaintiffs' final objection is that Magistrate Judge Horan did not consider other bases alleged upon which this court may have jurisdiction, such as 28 U.S.C. §§ 1331, 1361, 1651, and

2201(a) in tandem with 5 U.S.C. § 702. The root of their objections stems from the Magistrate Judge's alleged mischaracterization of this action as one "arising from" removal proceedings. Specifically, they reiterate that their claim is outside the narrowly tailored limitations of 8 U.S.C. § 1252(b)(9), and, accordingly, the court maintains jurisdiction under these provisions. The court, however, has already considered and accepted the Magistrate Judge's findings and conclusions that this action *does* arise from removal proceedings and, instead, falls within the scope of § 1252(b)(9). Given the court's position, the other jurisdictional allegations pled are inapplicable. Nonetheless, the court will briefly address each jurisdictional assertion.[1]

First, the court agrees and accepts the Magistrate Judge's conclusion that Congress intended for 8 U.S.C. § 1252, to be an alternative statutory scheme for administrative and judicial review. Thus, the general rule outlined in 28 U.S.C § 1331 concerning federal jurisdiction is inapplicable, and the court does not have jurisdiction under that provision.

Second, as Defendants state in their Response to Plaintiffs' Objections, 8 U.S.C. § 1252, specifically dictates that "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title[.]" As the court has already determined the applicability of § 1252, it further determines that it does not have jurisdiction under 28 U.S.C. §§ 1361, 1651, or 2241, based on the plain language of 8 U.S.C. § 1252.

Finally, Plaintiffs seek declaratory relief pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201. To the extent Plaintiffs rely on this Act to confer subject matter jurisdiction in

---

[1] The Magistrate Judge only addressed whether federal jurisdiction existed under 28 U.S.C. § 1331. Although the magistrate judge did not explicitly address §§ 1651, 2241, and 2201, the court can reasonably infer from his analysis of 8 U.S.C. § 1252, that these bases for jurisdiction did not apply, as he had already determined that § 1252(b)(9) excluded jurisdiction under these provisions.

this court, such reliance is misplaced. "[I]t is well settled that this section [2201] does not confer subject matter jurisdiction on a federal court where none otherwise exists." *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997) (footnote omitted). The court has determined that no other basis for jurisdiction in this court exists, and, thus, Plaintiffs cannot establish jurisdiction on the sole basis of § 2201.[2]

## III. Conclusion

Having reviewed the record in this case, the Report, and applicable law, and, having conducted a de novo review of the portions of the Report to which objections were made, the court determines that the findings and conclusions of the Magistrate Judge are correct and **accepts** them as those of the court as supplemented by this opinion.[3] Accordingly, the court lacks subject matter jurisdiction over this action and **dismisses** it **without prejudice** for lack of subject matter jurisdiction.

**It is so ordered** this 27th day of December, 2019.

                                                                    Sam A. Lindsay
                                                                    United States District Judge

---

[2] Plaintiffs did not plead federal jurisdiction based on 28 U.S.C. § 2201(a) in its Complaint and requested an opportunity to file an amended complaint to explicitly cite this provision. As the court discussed, § 2201(a) does not confer jurisdiction, and without another basis for federal jurisdiction, the court does not have jurisdiction to entertain this action. Accordingly, the court determines that allowing Plaintiffs to replead is futile.

[3] As previously stated, the Magistrate Judge did not address all of Plaintiffs' alleged bases for jurisdiction. The court, therefore, supplements the Report with its analysis and rulings regarding the remaining bases for jurisdiction.